**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

**JILL MENDYGRAL**
**131 New Hurbane Street**                          *
**Kingston, PA 18704**

                                                    *

       **PLAINTIFF,**

**v.**                                              *

**TOWN OF OCEAN CITY, MARYLAND** *
**Serve On: Matt James, Council President**
**301 N. Baltimore Avenue**                         *       **Case No.:**
**Ocean City, MD 21842**

                                                    *

**and**

                                                    *

**85 N Sunny, LLC**
**Serve On:**                                       *
**Patrick J. McLaughlin, Resident Agent**
**209 16ᵗʰ Street**                                  *
**Ocean City, MD 21842**

                                                    *

 *    *    *    *    *    *    *    *    *    *    *    *    *

## *COMPLAINT AND REQUEST FOR JURY TRIAL*

      Jill Mendygral, (hereinafter "Plaintiff") by and through her attorneys, Eric S. Lickstein,

Esquire and Rice, Murtha & Psoras, LLC, hereby sues Defendants, Town of Ocean City,

Maryland (hereinafter "Defendant OCMD") and 85 N Sunny, LLC (hereinafter "Defendant

Sunny"), pursuant to Title 28, Section 1332 of the United States Code, and as grounds states as

follows:

### *PARTIES*

      1.      Plaintiff, Jill Mendygral (hereinafter "Plaintiff" or "Ms. Mendygral") is an adult

resident of 131 New Hubrane Street, Kingston, Luzerne County, Pennsylvania, 18704.

2.      Defendant OCMD, who at all times relevant hereto is a public entity is believed to have its principal place of business located at 301 N. Baltimore Avenue (3rd St), Ocean City, MD 21842.

3.      Defendant Sunny, is a limited liability company organized under the laws of Maryland and conducts business activities in Maryland. Upon information and belief Defendant Sunny has its principal place of business located 209 16th Street, Ocean City, Worcester County, Maryland 21842.

4.      Upon information and belief, at all relevant times hereto, Defendant Sunny owned and was responsible for the subject umbrella that injured Plaintiff.

5.      At all relevant times hereto, Plaintiff was free of any negligence.

## *JURISDICTION AND VENUE*

6.      The court possesses jurisdiction over the parties, as well as the claims set forth herein, pursuant to Title 28, Section 1332 of the United States Code. Plaintiff is an adult resident of Pennsylvania. Defendant OCMD is a public entity with its principal place of business in Maryland. Defendant Sunny is a limited liability company with its principal place of business in Maryland. Therefore, complete diversity of citizenship exists. The damages, exclusive of interest and costs, exceeds $75,000.

## *FACTUAL BACKGROUND*

7.      The preceding paragraphs are incorporated herein by reference as though fully set forth below.

8.      The facts and occurrences stated herein took place on or about July 22, 2018 on the 54th Street beach located on 54th Street, Ocean City, Worcester County, Maryland.

9.      On the aforementioned date, Plaintiff was lawfully present on the beach.

10.    On the aforementioned date, while Plaintiff was enjoying her first day of vacation at the beach, suddenly and without warning, a beach umbrella became dislodged from the sand and into the air, violently stabbing Plaintiff in her chest. ("Incident").

11.    Plaintiff was taken via helicopter following the incident to the hospital, where she underwent emergency surgery to remove the umbrella that had stabbed her and became dislodged in her chest.

12.    At all relevant times hereto, Defendants were collectively and/or individually responsible for the care of the beach, including adequately monitoring the forecast and wind gusts and folding umbrellas in the downward position so they are unable to become dislodged from the sand, ensuring the safety of those lawfully using the beach, including Plaintiff.

13.    At all relevant times hereto, Plaintiff was conducting herself in a reasonable manner and in no way assumed the risk of harm and/or was contributorily negligent.

14.    As a direct and proximate result of Defendant Sunny and/or Defendant OCMD's, negligence, carelessness, and/or recklessness, Plaintiff suffered severe and permanent injuries including, but not limited to the following:

a.  Chest wound requiring surgery and implementation of penrose drain resulting from impalement by beach umbrella;

b.  Radiating back pain;

c.  Gross hematuria;

d.  Pelvic pain;

e.  Recurring numbness in right arm;

f.  Recurring numbness in right hand;

g.  Fevers;

h.  Adjustment disorder;

      i.   Anxiety; and

      j.   Depression.

15.     As a direct result of the aforementioned injuries and the natural consequences thereof, Plaintiff suffered excruciating mental and physical pain and injury, including permanent injury; sustained injuries including but not limited to those injuries set forth in Paragraph 14 of this Complaint; was required to obtain medical and hospital care and treatment in the past and will be required to obtain medical and hospital care and attention in the future; suffered lost wages and income and will continue to suffer loss of future earning capacity and has suffered a substantial loss of enjoyment of life; was caused and will be caused in the future to pay for medical and hospital care and attention and was otherwise injured and damaged.

16.     As a direct result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has sustained a loss of everyday pleasures and enjoyment of life and will continue to suffer the same for an indefinite period of time into the future.

17.     As a direct result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

18.     As a direct result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has sustained permanent disfigurement of her chest as a result of the beach umbrella impaling her and will continue to suffer the same for an indefinite period of time into the future.

### *COUNT I*
### *NEGLIGENCE*
### *DEFENDANT OCMD*

19.     The contents of paragraphs 1-18 are incorporated herein by reference as though fully set forth below.

20.     The negligence of Defendant OCMD was the direct and proximate cause of Plaintiff's serious, life changing injuries and permanent injuries.

21.     The negligence of Defendant OCMD includes, but is not limited to the following:

    a.  Allowing a dangerous and hazardous condition to exist where Defendant knew individuals, including Plaintiff, would be present and where Defendant knew or should have known it constituted a hazardous or dangerous condition;

    b.  Having knowledge, either actual or constructive, of the dangerous condition that existed at and around beach and failing to act in conscious disregard of said knowledge;

    c.  Failing to warn of the dangerous and hazardous condition which Defendant knew or should have known existed by leaving umbrellas opened during unsafe conditions or otherwise failing to take necessary precautions with respect to said condition to prevent injury to invitees;

    d.  Failing to warn individuals, including Plaintiff, of the hazardous condition that existed on the beach, which constituted hazards Defendant knew, or by the exercise of reasonable care, should have discovered in conscious disregard of their duties to Plaintiff, as an invitee, and other individuals lawfully using said beach.

    e.  Failing to inspect the beach while a wind advisory was in effect;

    f.  Knowing or in the exercise of reasonable care failing to know and warn of the dangerous condition, and allowing it to exist in reckless disregard of the safety of Plaintiff; and

    g.  Acting or failing to act in conscious disregard of Plaintiff's rights and safety.

    h.  And was otherwise negligent.

22.     As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

23.     All of the Plaintiff's injuries, damages, expenses and losses, past, present and prospective, were, are and will be the direct and proximate result of and due solely to the negligence or want of due care on the part of Defendant OCMD, individually and/or jointly and

severally, without any negligence or want of due care on the part of Plaintiff contributing thereunto.

WHEREFORE, Plaintiff, Jill Mendygral, brings this suit and claims as damages in excess of Seventy-Five Thousand Dollars ($75,000.00) damages and costs against Defendant OCMD, individually and/or jointly and severally.

## COUNT II
## NEGLIGENCE
## DEFENDANT SUNNY

24.     The contents of paragraphs 1-23 are incorporated herein by reference as though fully set forth below.

25.     The negligence of Defendant Sunny was the direct and proximate cause of Plaintiff's serious, life changing injuries and permanent injuries.

26.     The negligence of Defendant Sunny includes, but is not limited to the following:

   a. Allowing a dangerous and hazardous condition to exist where Defendant knew individuals, including Plaintiff, would be present and where Defendant knew or should have known it constituted a hazardous or dangerous condition;

   b. Having knowledge, either actual or constructive, of the dangerous condition that existed at and around the beach and failing to act in conscious disregard of said knowledge;

   c. Failing to warn of the dangerous and hazardous condition which Defendant knew or should have known existed by leaving umbrellas opened during a wind advisory or otherwise failing to take necessary precautions with respect to said condition to prevent injury;

   d. Failing to warn individuals, including Plaintiff, of the hazardous condition that existed on the beach, which constituted hazards Defendant knew, or by the exercise of reasonable care, should have discovered in conscious disregard of their duties to Plaintiff and other individuals lawfully using said beach.

    e.   Failing to inspect the beach while a wind advisory was in effect;

    f.   Failing to appreciate the unjustifiably high risk of injury to others by failing to close beach umbrellas while a wind advisory is in effect;

    g.   Consciously choosing to leave the beach umbrellas in the open position during a wind advisory, when Defendant knew or should have known that doing so posed an unjustifiably high risk of serious injury;

    h.   Knowing or in the exercise of reasonable care failing to know and warn of the dangerous condition, and allowing it to exist in reckless disregard of the safety of Plaintiff; and

    i.   Acting or failing to act in conscious disregard of Plaintiff's rights and safety.

    j.   And was otherwise negligent.

27.    As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

28.    All of the Plaintiff's injuries, damages, expenses and losses, past, present and prospective, were, are and will be the direct and proximate result of and due solely to the negligence or want of due care on the part of Defendant Sunny, individually and/or jointly and severally, without any negligence or want of due care on the part of Plaintiff contributing thereunto.

**WHEREFORE**, Plaintiff, Jill Mendygral, brings this suit and claims as damages in excess of Seventy-Five Thousand Dollars ($75,000.00) damages and costs against Defendant Sunny, individually and/or jointly and severally.

Respectfully Submitted,

/s/ *Eric S. Lickstein*
_____
ERIC S. LICKSTEIN
Federal Bar No.: 30107
CPF#1112140179

Rice, Murtha & Psoras, LLC
1301 York Road, Suite 200
Lutherville, Maryland 21093
Tele.:   (410) 583-6969
Fax.:   (410) 583-4706
eric@RiceLawMd.com
*Attorneys for Plaintiff*

## **<u>CERTIFICATE OF REDACTION</u>**

Pursuant to Md. Rule 20-201 regarding the requirements for electronic filing, I hereby certify and affirm that the aforegoing does not contain any restricted information.

/s/ *Eric S. Lickstein*

_____

ERIC S. LICKSTEIN
Federal Bar No.: 30107
CPF#1112140179